# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

| | |
|---|---|
| AMERICA'S HOME PLACE, INC., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No.  1:23-cv-156-GNS |
| ) | |
| JASON DUVALL, ) | |
| ) | |
| Respondent. ) | |

## PETITION TO CONFIRM ARBITRATION AWARD

Plaintiff America's Home Place, Inc. ("AHP") petitions the Court to confirm the arbitration award made in its favor in the Construction Dispute Resolution Services ("CDRS") proceeding styled *America's Home Place Inc. v. Jason Duvall*, CDRS Case No: A020122 ("Award").[1] AHP also seeks the entry of judgment pursuant to 9 U.S.C. § 13. In support of this petition, AHP states:

### THE PARTIES, JURISDICTION, AND VENUE

1. Petitioner AHP is a Georgia corporation with its principal place of business located in Georgia.

2. Respondent Jason Duvall is an individual resident of Kentucky.

3. This Court has jurisdiction of this cause under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

4. This Court has personal jurisdiction over Mr. Duvall because he is a Kentucky resident.

---

[1] A copy of the Award is attached as **Exhibit 1**.

5. This Court is the proper venue for confirmation of the Award pursuant to 9 U.S.C. § 9 because the arbitration proceeding that gave rise to the Award occurred in this judicial district.

## FACTS

6. A dispute arose between the parties regarding their rights and obligations under a contract for construction of a home ("Agreement").[2]

7. The Agreement calls for AHP to build a home for Mr. Duvall using AHP's own copyrighted home designs, materials, and labor. (Ex. 2).

8. AHP secured the building permit for the home and began constructing footings.

9. Mr. Duvall then halted construction and stated that he did so due to construction finance issues.

10. Mr. Duvall then proceeded to transfer the building permit to his own name and construct the home without AHP's knowledge or consent.

11. This conduct breached the Agreement. (*Id.*)

12. The parties attempted to mediate the dispute and were unsuccessful, and AHP indicated that it intended to bring a claim for breach of the Agreement in an arbitration proceeding pursuant to the Agreement's arbitration provision.

13. On or about September 12, 2022, Mr. Duvall filed suit in the Circuit Court for Warren County, Kentucky seeking a declaratory judgment that the arbitration provision in the Agreement was unenforceable.

14. AHP removed that action to the United States District Court for the Western District of Kentucky on or about September 30, 2022. *See Jason Duvall v. America's Home Place, Inc.*, Case No. 1:22-cv-128, Dkt. No. 1.

---

[2] A copy of the Agreement is attached as **Exhibit 2**.

15. AHP then filed an answer to Mr. Duvall's complaint and moved for judgment on the pleadings and to compel arbitration. *See id.,* Dkt. No. 2, 18. The Court granted AHP's motion on June 5, 2023 and found that the Federal Arbitration Act ("FAA") is the governing law of the Agreement. *See id.,* Dkt. No. 22.

16. On or about January 14, 2023, AHP initiated arbitration against Mr. Duvall pursuant to the Agreement.

17. After notice to both parties, the arbitrator held an evidentiary hearing on October 24, 2023 in Bowling Green, Kentucky. (Ex. 1)

18. Both parties attended the hearing and were represented by counsel. (*Id.*) AHP's general manager and regional manager testified on its behalf, and Mr. Duvall testified on his own behalf. (*Id.*)

19. On November 7, 2023, the arbitrator found that Mr. Duvall breached the parties' contract and awarded AHP $91,590.29 in lost profits and interest. (*Id.*) The arbitrator further ordered Mr. Duvall to pay $2,925.00 to reimburse AHP for its arbitration costs. (*Id.*.* In total, the arbitrator ordered Mr. Duvall to pay AHP $94,515.29. (*Id.*)

20. This petition is timely because it is filed within one year after CDRS made the Award. *See* 9 U.S.C. § 9.

21. The FAA "presumes that arbitration awards will be confirmed." *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000); *see also Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 522 U.S. 586, 587 (2008) ("There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies.").

22. None of the very limited exceptions enumerated in the FAA are applicable in this case. *See* 9 U.S.C. § 10. The FAA, therefore, entitles AHP to prompt confirmation of the Award.

## COUNT I – CONFIRMATION OF THE AWARD AND JUDGMENT

23. Pursuant to 9 U.S.C. § 9, AHP is entitled to an order confirming the Award.

24. Pursuant to 9 U.S.C. § 13, AHP is entitled to a judgment in conformity with the Award which shall be enforceable as with any other lawful judgment from this Court.

## PRAYER FOR RELIEF

WHEREFORE, AHP respectfully requests entry of judgment in its favor and against Mr. Duvall and further requests that the Court:

A. Enter judgment in conformity with the Award in the amount of $94,515.29;

B. Award AHP postjudgment interest in accordance with 28 U.S.C. § 1961;

C. Tax all costs to Respondent; and

D. Such other and further relief as permitted by law and as this Court deems just and proper.

Respectfully submitted,

/s/ E. Kenly Ames
E. Kenly Ames
ENGLISH LUCAS PRIEST & OWSLEY LLP
1101 College Street; P.O. Box 770
Bowling Green, KY 42101
270-781-6500
kames@elpolaw.com

*Attorney for America's Home Place, Inc.*

Dated: November 17, 2023

3735734